IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PAMELA NEESSEN and PAUL NEESSEN                               PLAINTIFFS

VS.                                            CIVIL ACTION NO. 1:18cv134-LG-RHW

BEAU RIVAGE RESORTS, LLC d/b/a BEAU RIVAGE
RESORT & CASINO; BEAU RIVAGE RESORTS, LLC;
MGM RESORTS INTERNATIONAL d/b/a MGM RESORTS
INTERNATIONAL, INC.; MGM RESORTS INTERNATIONAL;
MGM RESORTS MISSISSIPPI, LLC (f/k/a MGM RESORTS
MISSISSIPPI INC.); MGM RESORTS REGIONAL
OPERATIONS, LLC; and JOHN AND JANE DOES 1-10           DEFENDANTS

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF
### PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs, Pamela Neessen and Paul Neessen, by and through their counsel of record herein, and pursuant to F.R.C.P. 37 and L.U.Civ.R. 37, and files this *Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel Discovery*, and would show unto the Court the following, to wit:

### PROCEDURAL HISTORY

On July 27, 2018, Plaintiffs propounded Interrogatories and Requests for Production of Documents to all named Defendants (hereinafter "Beau Rivage Defendants" and "MGM Defendants") in the above named cause of action. [Doc. 22, Doc. 23]. On September 7, 2018, Beau Rivage Defendants served upon Plaintiffs their responses to Requests for Production of Documents. [Doc. 30]. Also on September 7, 2018, MGM Defendants served upon Plaintiffs their responses to Interrogatories and Requests for Production of Documents. [Doc. 31, Doc. 32]. Subsequently, on September 13, 2018, Beau Rivage Defendants served upon Plaintiffs their responses to Interrogatories. [Doc. 33]. After review of Defendants' discovery responses, Plaintiffs maintain they are entitled to more complete information. Plaintiffs sent good faith

correspondence to counsel for Defendants on November 8, 2018, requesting supplementation of responses and documents (See Exhibit "A"). Plaintiffs' counsel continued to attempt in good faith to resolve the discovery dispute via email correspondence. In response, Defendants indicated they did not intend to provide supplementation without court intervention (See Exhibit "B"). Accordingly, and in response to Plaintiffs' email to Magistrate Judge Robert H. Walker seeking guidance on how to proceed, Plaintiffs were instructed to file the present Motion (See Exhibit "C"). In accordance with L.U.Civ.R. 37(a), Plaintiffs have attached as Exhibit "D" to the associated Motion a Good Faith Certificate signed by all counsel confirming the parties have conferred "in good faith to determine what extent the issue in question can be resolved without court intervention."

<u>OTHER SIMILAR INCIDENTS, MGM DEFENDANTS</u><br><u>(INTERROGATORY No. 10, REQUEST FOR PRODUCTION No. 6)</u>

In Plaintiffs' propounded Interrogatories and Requests for Production of Documents to all Defendants, Plaintiffs requested information and documents regarding any other incidents within the past ten (10) years that are similar in nature to the incident which forms the basis of this cause of action. Although the Beau Rivage Defendants provided information and documents responsive to these discovery requests, the MGM Defendants have refused to do so. Specifically, the Interrogatory, Request for Production, and respective responses of the MGM Defendants are as follows:

<u>INTERROGATORY NO. 10:</u>  Have any previous incidents or recorded accident reports of a similar nature been made against Defendant in the past ten (10) years? If so, please indicate as to each such prior incident, the date, name, address and telephone number of the inured party; the name and address of each person who filled out such report, the job title and/or affiliation with Defendants of each person who filled out such report, the general nature of the

incident; the case number and jurisdiction of any lawsuits filed against the defendant; and the name and address of any plaintiffs' attorneys.

RESPONSE (MGM): Defendants are not proper parties to this action and do not have sufficient knowledge to respond to this Interrogatory.

REQUEST NO. 6: Produce all documents, including accident or incident report, pertaining to any lawsuits and/or claims of a similar nature that occurred in the past ten (10) years.

RESPONSE (MGM): Defendants are not proper parties to this action and do not have sufficient knowledge to respond to this request.

The above referenced response was repeated throughout the MGM Defendants responses to Interrogatories and Requests for Production of Documents. Plaintiffs' position is that the Beau Rivage Resort & Casino, through the Beau Rivage Defendants, is managed and operated directly under, and in compliance with, policies and procedures of the MGM Defendants. Black's Law Dictionary defines "proper party" as follows:

> "As distinguished from a necessary party, is one who has an interest in the subject matter of the litigation, which may be conveniently settled therein. One without whom a substantial decree may be made, but not a decree which shall completely settle all the questions which may be involved in the controversy and conclude the rights of all the persons who have any interest in the subject litigation."

The MGM Defendants are "proper parties" as they control all issues related to customer safety, reporting of incidents, injury prevention, and M Life comp benefits at all MGM Resorts and Hotels. It is the Plaintiffs' belief that this admission will not be disputed by the MGM Defendants. Any similar incidents that occurred at other MGM properties would directly affect policies going forward at all MGM owned and managed properties, including the Beau Rivage Resort & Casino. Similarly, policies of MGM are developed to prevent injuries at all casinos and resorts, to include the Beau Rivage Resort & Casino. All of the above evidences that the MGM

Defendants have "an interest in the subject matter of the litigation", and are therefore "proper parties." Information and documents reflecting similar incidents at other MGM properties are relevant to the allegations of Plaintiffs' complaint to include Plaintiffs' claim for punitive damages.

Plaintiffs' request for other similar incidents at all MGM owned and managed properties is not unduly burdensome to the MGM Defendants. MGM owns and operates dozens of hotels and resorts throughout the United States and internationally. MGM tracks statistics for all aspects of the operation of their hotels and resorts, down to the community volunteer hours done by all of their employees annually. See Exhibit "E" – article detailing MGM Resorts International's Annual Corporate Social Responsibility Report dated June 12, 2017 (https://3blmedia.com/News/MGM-Resorts-International-Issues-2016-Annual-Corporate-Social-Responsibility-Report). Therefore, information and documents regarding other similar incidents at other MGM owned and operated properties should be easily accessed by the MGM Defendants. Plaintiffs' punitive damage claim is against all Defendants and the conduct of all Defendants is relevant to that claim in accessing and preventing injuries similar to those suffered by Plaintiffs.

**RELEVANT POLICIES AND PROCEDURES OF ALL DEFENDANTS**
**(REQUEST FOR PRODUCTION No. 11)**

In Plaintiffs' propounded Requests for Production of Documents, Plaintiffs requested relevant policies and procedures from all Defendants. The MGM Defendants provided the same response as is referenced above, while the Beau Rivage Defendants referred Plaintiffs to their Prediscovery Disclosures of Core Information. Specifically, Request for Production, and respective responses of the MGM Defendants and the Beau Rivage Defendants are as follows:

REQUEST NO. 11:     Please produce a copy of the policy and procedure for completing an incident report, customer statement, and associate statement to include taking any photos.

RESPONSE (MGM):  Defendants are not proper parties to this action and do not have sufficient knowledge to respond to this request.

RESPONSE (BEAU RIVAGE):       Response to this Request is found in Defendants' Initial Disclosures.

Plaintiffs are not in possession of any policies and procedures produced by the Beau Rivage Defendants in their Initial Disclosures.  Should the Beau Rivage Defendants be in possession of the above described documents intended to be produced in discovery, Plaintiffs would ask to be provided with these documents immediately.  Otherwise, the above referenced response to Plaintiffs' request for production is clearly deficient.  Not a single policy and procedure was produced by any party although there are unquestionably relevant policies and procedures in all Defendants' possession.  As is stated in the immediately preceding section of this Memorandum, Plaintiffs are entitled to additional documents reflecting the policies and procedures of all Defendants.  Plaintiffs' position is that the Beau Rivage Defendants manage and operate their casinos directly under, and in compliance with, policies and procedures of the MGM Defendants.  This management and operation structure is confirmed by the MGM Resorts website, wherein it clearly states "MGM Resorts International has many hotels and casinos all around the United States" and goes on to reference the Beau Rivage Resort & Casino in that group of "hotels and casinos."  See Exhibit "F" – screen shots of MGM Resorts website (https://www.mgmresorts.com/en/hotels/united-states.html#/U.S.%20Map).  Simply stated, the Beau Rivage Resort & Casino doesn't act on an island, but rather under the corporate policies and guidance of the MGM Defendants.  For example, Plaintiffs were flown in and provided rooms under the comp policy M Life controlled and run by the MGM Defendants.  The

5

Beau Rivage Defendants don't make a decision or move regarding safety issues of patrons without strictly adhering to the MGM Defendants' policies in regards to those actions. Therefore, policies and procedures of all Defendants are relevant to both the allegations of Plaintiffs' complaint as well as Plaintiffs' claim for punitive damages.

      Plaintiffs by and through counsel of record respectfully request this Court grant their *Motion to Compel Discovery*, thereby compelling the MGM Defendants to supplement their response to Interrogatory Number 10 and Request for Production Number 6. Plaintiffs would further request this Court compel all Defendants to supplement their response to Request for Production Number 11. This request is not unduly burdensome as all Defendants' systems are digital and easily searched by policy, claims, keyword, etc. Plaintiffs would further pray for any and all general relief which may be appropriately granted to them, to include but not limited relief available to Plaintiffs under F.R.C.P. 37 and L.U.Civ.R. 37.

      Respectfully submitted on this the 11th day of December, 2018

Respectfully Submitted,

Pamela Neessen and Paul Neessen, Plaintiffs

           */s/ Darryl M. Gibbs*
BY:    Darryl M. Gibbs

**ATTORNEYS FOR PLAINTIFFS:**

Darryl M. Gibbs (MSB No. 100232)
Rogen K. Chhabra (MSB No. 99131)
Ashley Hendricks Duck (MSB No. 104240)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone:    (601) 948-8005
Facsimile:    (601) 948-8010
dgibbs@cglawms.com
rchhabra@cglawms.com
ahendricks@cglawms.com

## CERTIFICATE OF SERVICE

I, Darryl M. Gibbs, of counsel for the Plaintiffs, do hereby certify that I have this day delivered, via electronic mail, a true and correct copy of the above and foregoing to:

>Robert Addison, Esq.
>Edward C. Taylor, Esq.
>Daniel Coker Horton & Bell, P.A.
>4400 Old Canton Road, Suite 400
>Post Office Box 1084
>Jackson, Mississippi  39215-1084
>raddison@danielcoker.com
>etaylor@danielcoker.com

This the 11th day of December, 2018.

>_____/s/ Darryl M. Gibbs_____
>Darryl M. Gibbs