# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**PAMELA NEESSEN AND PAUL NEESSEN**            **PLAINTIFFS**

**v.**            **CAUSE NO. 1:18CV134 LG-RHW**

**BEAU RIVAGE RESORTS, LLC, ET AL.**            **DEFENDANTS**

## ORDER DENYING PLAINTIFFS' SECOND MOTION IN LIMINE AS TO EXPERT TESTIMONY

BEFORE THE COURT is the Plaintiffs' [59] Second Motion In Limine as to Expert Testimony. Plaintiffs seek to exclude testimony from Defendants' medical expert, Dr. Daniel Wittersheim, in this personal injury lawsuit. The issues have been fully briefed. After due consideration, the Court finds that Dr. Wittersheim's testimony meets *Daubert* requirements and will be allowed. Accordingly, the Plaintiffs' Motion is denied.

### BACKGROUND

This case concerns an incident in the Beau Rivage Resort in Biloxi, Mississippi, in October 2015. Plaintiff Pamela Neessen alleges she was injured when she was struck by a full luggage cart being operated by a Beau Rivage employee. Defendants have conceded liability, leaving only the issue of damages for trial. The parties contest the extent to which Neessen's medical treatment following the accident, and in particular Neessen's hip replacement, was necessitated by the accident. Defendants engaged Dr. Wittersheim, an orthopedic surgeon specializing in total hip and knee replacement, revision and reconstruction, to provide expert opinion testimony about this issue. Neessen objects to the

introduction of opinion testimony from Dr. Wittersheim pursuant to Federal Rule of Evidence 702.

DISCUSSION

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. A court is charged with a "gatekeeping function" to ensure expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Reliability is analyzed under Rule 702, which requires that: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591.

Neessen argues that Dr. Wittersheim's testimony is not reliable because it is not based on sufficient facts or data. Dr. Wittersheim opined that within a reasonable degree of medical probability Neessen "would have went on to requiring both of her hips, or desiring to have both of her hips replaced within probably about the same time frame." (Wittersheim Dep. 22, ECF No. 64-5.) He based his opinion on the following facts: Neessen had been seeking treatment for her hips for many years; her x-rays showed "an arthritic hip;" she was ambulating with a cane at the time of the incident; and emergency room records did not indicate a

traumatic injury to her hips.  (*Id.* at 22-23.)

Neessen contends that Dr. Wittersheim's opinion that she "suffered no trauma as a result of being struck with the luggage cart is contrary to all other evidence in this case – the surveillance footage and bruise photos, and this alone is sufficient to discredit his opinion . . . ."  (Pl. Resp. 3-4, ECF No. 60.)  Neessen argues that Dr. Wittersheim is wrong that she did not suffer trauma from the fall because the surveillance video shows a "severe" fall, and the emergency room photos show bruises on her body.  She also argues that Dr. Wittersheim does not support his conclusion that her hip surgeries would have occurred regardless of her fall at the Beau Rivage.

Dr. Wittersheim testified that there were no emergency room photos of bruises on Neessen's hips, only her right knee and upper arm, indicating that there was no injury to her hips.  (Wittersheim Dep. 26-27, ECF No. 64-5.)  He viewed the surveillance video of Neessen's fall and described the impact as not severe, but instead "a ground level fall."  (*Id.* at 25.)  Dr. Wittersheim also examined Neessen's medical records, noting that "from an orthopedic standpoint," Neessen "was in unfortunate medical condition."  (*Id.* at 11.)  Prior to her fall at the Beau Rivage, Neessen had bilateral total knee replacements, possibly a shoulder replacement, severe lymphedema in her lower extremities, suffered multiple pelvic fractures in an auto accident, and had been treated for bilateral hip pain for a number of years.  (*Id.* at 11-16.)  A record dated less than one year after the fall

- 3 -

shows Neessen had bone-on-bone in her right hip. (*Id.* at 16-17.)

That Dr. Wittersheim has drawn conclusions from this evidence that differ from Neessen's contentions does not make Dr. Wittersheim's opinion unreliable. When an expert discloses the basis of an opinion, the jury decides the weight of the opinion. *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987) (questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility); *Carter v. Massey-Ferguson, Inc.*, 716 F.2d 344, 350 (5th Cir. 1983) ("[The] expert based his testimony on the plaintiff's account of the accident . . . . He disclosed the underlying basis of his testimony . . . . Based on this disclosure, the jury could decide how much weight to accord the opinion testimony."). Neessen may explore any weakness in the way Dr. Wittersheim formed his opinions and conclusions on cross examination at trial. *See Dearmond v. Wal-Mart La. LLC*, 335 F. App'x 442, 444 (5th Cir. 2009) ("Cross-examination at trial . . . is the proper forum for discrediting testimony, and credibility determinations are, of course, the province of [the fact finder]."). The motion to exclude Dr. Wittersheim's testimony will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' [59] Second Motion In Limine as to Expert Testimony is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of October 2019.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
U.S. District Judge