# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

PAMELA NEESSEN AND PAUL NEESSEN                           PLAINTIFFS

v.                                        CAUSE NO. 1:18CV134 LG-RHW

BEAU RIVAGE RESORTS, LLC, ET AL.                          DEFENDANTS

## ORDER DENYING PLAINTIFFS' FIRST MOTION IN LIMINE

BEFORE THE COURT is the Plaintiffs' [57] First Motion in Limine and Defendant Beau Rivage Resorts, LLC's response. After due consideration, the Court finds the Motion should be denied. Plaintiffs' separate requests for exclusion of evidence and the Court's resolution are set out below.

**1. Any mention that Plaintiffs have received or will be entitled to receive benefits of any kind from a collateral source.**

The collateral-source rule bars a tortfeasor from reducing his liability by the amount plaintiff recovers from independent sources. *Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 358 (5th Cir. 2016). The Mississippi Supreme Court has held that "compensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the defendant in mitigation or reduction of damages." *Burr v. Miss. Baptist Med. Ctr.*, 909 So. 2d 721, 728 (Miss. 2005) (quotation omitted). However, "if evidence is introduced for a purpose other than to mitigate damages, the collateral source rule is not violated, and the evidence may be admitted." *Geske v. Williamson*, 945 So. 2d 429, 434 (Miss. Ct. App. 2006).

Beau Rivage responds that it does not intend to place at issue who paid Pamela Neessen's medical expenses, unless Plaintiffs argue that they have been unable to obtain needed medical treatment because of the expense. Beau Rivage does intend to question Pamela Neessen about 1) other claims she made prior to this incident, and 2) the fact she receives disability payments – if she claims a disability or impairment as a result of this incident. None of these lines of questioning appear to violate the collateral source rule, but the Court does not have the benefit of context to make a determination. Accordingly, this part of Plaintiffs' motion in limine is denied with leave to reassert contemporaneous objections at trial.

2.  **Any mention that Pamela Neessen has suffered prior injuries unrelated to this incident.**

Evidence of Pamela Neessen's previous condition and injuries is relevant to her personal injury claim in this case, because the jury will be asked to determine which of her damages are attributable to Beau Rivage. Evidence of a prior injury that is similar to the injuries alleged by Plaintiffs in this case, and which occurred prior to the date of the incident, is relevant and admissible. *See* Fed. R. Evid. 401, 402. The Beau Rivage is entitled to explore this area of inquiry, including cross-examination of Plaintiffs and their experts as to these prior injuries. *See* Fed. R. Evid. 401, 402. This request is denied.

3.     **Any mention of occasions Plaintiffs stayed at the Beau Rivage after this incident.**

Beau Rivage responds that Plaintiffs' allegations make their patronage of the Beau Rivage an issue. Plaintiffs allege that "they were such good customers . . . that they received complementary air travel and hotel accommodations." (Am. Compl. 5, ECF No. 5.) Plaintiffs reiterate this statement in the punitive damages section of their complaint, adding that the complementary air travel and hotel accommodations were the Beau Rivage's method of attracting them back to lose more money. (*Id.* at 8.) The Beau Rivage argues that it should be able to respond to an anticipated "send a message" punitive damages argument with evidence that Plaintiffs continued to be regular customers. Plaintiffs' patronage of the Beau Rivage is an issue in this case, making evidence concerning Plaintiffs' visits relevant. This request is denied with leave to assert contemporaneous objects at trial.

4.     **Any arguments or evidence describing the severity of the luggage cart's impact with Pamela Neessen, because any evidence contradicting Pamela's description of the severity of the impact is without a factual basis.**

It is the jury's responsibility to decide how much weight to give to the various descriptions of the severity of the impact. They may consider all relevant evidence in making their own factual finding. This request is denied.

**5. "Omnibus" Issues:**

a) Any inflammatory issue not directly related to causation or damages, including any reference to Plaintiffs' counsel's website, to include photographs, content, social media, any other disparaging remarks. Additionally, any comments regarding Plaintiffs' counsel's law practice or prior verdicts or trial(s).

b) Terminology or statements comparing Plaintiffs' claims to "winning the lottery" or other type of "jackpot justice" terminology.

c) Evidence regarding the taxation (or lack thereof) of an award of compensatory damages.

d) The time or circumstances under which Plaintiffs employed their attorney or filed this lawsuit.

e) Commenting that Plaintiffs have not called to testify any witness equally available to both parties.

f) Hearsay in opening statements or closing arguments.

g) Offering of personal opinions of counsel.

h) Commenting on objections, excluded evidence, or evidence not in the record.

These are simply boilerplate in limine motions that Plaintiffs do not connect to any specific issue or piece of evidence.

> The purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine.

*Maggette v. BL Dev. Corp.*, No. 2:07CV181-M-A, 2011 WL 2134578, at *4 (N.D. Miss. May 27, 2011). Items "a" through "h" above do not satisfy this standard, as they fail to identify any specific issue that is likely to arise at trial. Since the Court

will apply the Rules of Evidence at trial, these requests are denied with leave to reassert at trial if necessary.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' [57] First Motion in Limine is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2019.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE