IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PAMELA NEESSEN and PAUL NEESSEN                                    PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:18-cv-00134-LG-RHW

BEAU RIVAGE RESORTS, LLC d/b/a
BEAU RIVAGE RESORT & CASINO;
BEAU RIVAGE RESORTS, LLC;
MGM RESORTS INTERNATIONAL d/b/a
MGM RESORTS INTERNATIONAL, INC.;
MGM RESORTS INTERNATIONAL;
MGM RESORTS MISSISSIPPI, LLC (f/k/a
MGM RESORTS MISSISSIPPI, INC.);
MGM RESORTS REGIONAL OPERATIONS, LLC;
and JOHN AND JANE DOES 1-10                                         DEFENDANTS

**DEFENDANTS BEAU RIVAGE RESORTS, LLC d/b/a
BEAU RIVAGE RESORT & CASINO, BEAU RIVAGE RESORTS, LLC;
MGM RESORTS INTERNATIONAL d/b/a MGM RESORTS INTERNATIONAL, INC.;
MGM RESORTS INTERNATIONAL; MGM RESORTS MISSISSIPPI, LLC (f/k/a
MGM RESORTS MISSISSIPPI, INC.); AND
MGM RESORTS REGIONAL OPERATIONS, LLC'S
<u>OBJECTION TO DEPOSITION EXCERPTS OF TINA O'KEEFE</u>**

COME NOW, Defendants, Beau Rivage Resorts, LLC d/b/a Beau Rivage Resort & Casino, Beau Rivage Resorts, LLC, MGM Resorts International d/b/a MGM Resorts International, Inc., MGM Resorts International, MGM Resorts Mississippi, LLC (f/k/a MGM Resorts Mississippi, Inc.), and MGM Resorts Regional Operations, LLC (hereinafter, "Beau Rivage"), by and through counsel, and file this, their Objection to Deposition Excerpts of Tina O'Keefe, and would show unto the Court the following, to-wit:

I.

On or about October 17, 2019, a Pretrial Conference was held before the Honorable Louis Guirola, U.S. District Judge, regarding trial in this matter set to begin on October 28th. In the proposed Pretrial Order submitted at the conference, Plaintiffs designate portions of Tina

{D1288098.1}

O'Keefe's deposition transcript given as the corporate representative of the Beau Rivage pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deposition testimony is being offered to support Plaintiff Pamela Neessen's claim for medical expenses, a portion of which Plaintiffs claim are undisputed. Such testimony was objected to in the Pretrial Order by the Beau Rivage. See proposed testimony attached hereto as Exhibit "A," pgs. 83, 86-88, lns. 11-17, 20-24; 3-12; 24-25; 1-3.

II.

At the direction of this Court, the Beau Rivage submits this formal Objection to the testimony, as referenced in the proposed pretrial order. For starters, counsel for the Plaintiff was attempting to have Ms. O'Keefe give medical causation opinions – opinions she is not qualified as a layperson to give. She is not a medical doctor. The questions were objected to at Ms. O'Keefe's deposition. Furthermore, Beau Rivage submits that any such testimony references claims handling that was done in-house to evaluate the claim for any settlement potential.

III.

The factual situation that exists here is similar to that of *Applebaum v. Target Corporation*, a U.S. District Court case from Michigan. Case No. 11-cv-15035, 2015 WL 13036873 (E.D. Mich. Feb. 11, 2015). Although not binding on this Court, it is instructive with regard to the question presented in this objection regarding the Plaintiffs' designation in the proposed pretrial order pending before this Court. The opinion involves a motion *in limine* seeking to exclude an internal roundtable report of Target Corporation under Federal Rule of Evidence 408. *Id.* at *1. Target's claims examiner had prepared a report examining the plaintiff's personal injury claim with regard to a mountain bike that the plaintiff claimed malfunctioned, and as a result thereof, caused her to suffer personal injuries. *Id.* "When the applicability of Rule 408 is a close call, the court should

lean toward exclusion." *Id.* (citations omitted). The court, relying on Fifth Circuit precedent, granted the motion *in limine* and precluded admission into evidence the internal report. *Id.* at *2-3 ("Rule 408 extends to internal memoranda or reports, even if those are not communicated to the other side.").

IV.

The testimony of Ms. O'Keefe at issue centers around internal reports prepared by the Beau Rivage regarding investigation into the subject incident. She was also asked about documents considered in the Beau Rivage's investigation into the incident, including a summary of paid claims from Medicare presented to her in a printout at her deposition. Ms. O'Keefe confirmed the amount on the print out, as being related to the incident. Plaintiffs are intending to offer her testimony as evidence and/or an admission that Plaintiff Pamela Neessen has established undisputed medical expenses in the amount listed on the Medicare summary form. Pursuant to the case law cited above, the internal memorandum and the facts relied on regarding the same, and therein Ms. O'Keefe's testimony, is not admissible and should be excluded under Rule 408.

V.

"Rule 408 applies to statements made before actual compromise negotiations, so long as the person making the statement reasonably believed the statement was related to such negotiations." 2015 WL 13036873, at *2. Clearly, anything considered by the Beau Rivage internally, including the Medicare payments, was part of the claims process and determining if settlement was appropriate under the circumstances. See also *Ramada Development Co. v. Rauch*, 644 F.2d 1097 (5th Cir. 1981) (excluding internal report on property defects because the basis of settlement negotiations) ("The present rule [408] fosters free discussion in connection with such negotiations and eliminates the need to determine whether the statement if not expressly qualified

falls within or without the protected area of compromise; the question under the rule is whether the statements or conduct were intended to be part of the negotiations toward compromise.") (internal quotation marks and citation omitted) and *Lyondell Chemical Co. v. Occidental Chemical Corp.*, 608 F. 3d 284 (5th Cir. 2010). Allowing Ms. O'Keefe's testimony to come into evidence, and essentially the internal communications and facts relied upon for internal evaluations, goes against the purpose of Rule 408 to encourage parties to have those discussions in order to reasonably evaluate a claim and consider settlement.

VI.

For those reasons, the Beau Rivage respectfully requests that this Court sustain its objection to the 30(b)(6) deposition testimony of Ms. O'Keefe because it is inadmissible pursuant to Rule 408.

VII.

In further support of this objection, the Beau Rivage attaches as Exhibit "B," the affidavit of Tina O'Keefe.

RESPECTFULLY SUBMITTED, this the 22nd day of October, 2019.

**BEAU RIVAGE RESORTS, LLC d/b/a BEAU RIVAGE RESORT & CASINO, BEAU RIVAGE RESORTS, LLC, MGM RESORTS INTERNATIONAL d/b/a MGM RESORTS INTERNATIONAL, INC., MGM RESORTS INTERNATIONAL, MGM RESORTS MISSISSIPPI, LLC (f/k/a MGM RESORTS MISSISSIPPI INC.) AND MGM RESORTS REGIONAL OPERATIONS, LLC, DEFENDANTS**

BY: *S/Edward C. Taylor*
OF COUNSEL

## CERTIFICATE OF SERVICE

I, the undersigned, of counsel for Defendants, Beau Rivage Resorts, LLC d/b/a Beau Rivage Resort & Casino, Beau Rivage Resorts, LLC, MGM Resorts International d/b/a MGM Resorts International, Inc., MGM Resorts International, MGM Resorts Mississippi, LLC (f/k/a MGM Resorts Mississippi, Inc.), and MGM Resorts Regional Operations, LLC, do hereby certify that on this date, I electronically filed the above and foregoing *Defendants, Beau Rivage Resorts, LLC d/b/a Beau Rivage Resort & Casino, Beau Rivage Resorts, LLC, MGM Resorts International d/b/a MGM Resorts International, Inc., MGM Resorts International, MGM Resorts Mississippi, LLC (f/k/a MGM Resorts Mississippi, Inc.), and MGM Resorts Regional Operations, LLC's Objection to Deposition Excerpts of Tina O'Keefe* with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

THIS, the 22nd day of October, 2019.

*S/Edward C. Taylor*
OF COUNSEL


ROBERT S. ADDISON – BAR #1152
raddison@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MS 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

EDWARD C. TAYLOR - BAR #9043
etaylor@danielcoker.com
KATIE R. VAN CAMP - BAR #104834
kvancamp@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
1712 15TH STREET, SUITE 400
POST OFFICE BOX 416
GULFPORT, MS 39502-0416
TELEPHONE: (228) 864-8117
FACSIMILE: (228) 864-6331
6325-134772